GANDÍA, PLAINTIFF AND APPELLEE, *v.* STUBBE, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in an Action for Rescission of Contract.

No. 2486.—Decided February 16, 1922.

CONTINUANCE—DISCRETION OF COURT.—In addition to the causes expressly recited by statute the courts have inherent authority to continue a trial for other causes which in the exercise of their discretion they may deem sufficient. The sudden and dangerous illness of members of the family of the attorney for one of the parties is a just cause for a continuance, but the necessary steps should be taken to cause the adverse party as little inconvenience as possible.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for the appellee.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is an appeal from a judgment of the District Court of San Juan, Section 1, entered on October 28, 1920, against the defendant. The appeal was heard on February 3, 1922.

The first error assigned by the defendant-appellant is as follows:

"The court committed an abuse of discretion in not granting a continuance in this case on July 20, 1920, and that abuse of discretion left defendant Stubbe defenseless."

The record contains the following:

"July 20, 1920.—Morning session.—Attorney Cayetano Coll Cuchí appeared in open court in behalf of the defendant and made the following oral motion:

"COLL.—Before the session opens I am going to make a motion. I am going to move for a continuance in this case, the trial of which is set for today at 2 p. m. I deeply regret this, but it is for two good reasons which are beyond my control and which I could not foresee. One is that Mr. Stubbe fell ill suddenly yesterday. The court will consider this fact and act as it may deem best. The other is that my wife and one of my children are seriously ill in the Presbyterian Hospital, for which reason I could not attend the trial, and, therefore, could not examine the witnesses. My child is hovering between life and death.

"JUDGE.—The court will rule on the motion this afternoon, but at all events you should come prepared at 2 o'clock.

"COLL.—If the court should overrule the motion I could not go to trial because it would be impossible for me to do that while my child is dying.

"JUDGE.—There are two attorneys for the defendant, Mr. Coll and Mr. Cruzado.

"COLL.—I am the only attorney. I wish to say that Mr. Cruzado is an employee of my office and acts as such, but he has absolutely no knowledge of these questions as attorney.

"JUDGE.—He has signed all of the pleadings and appears as attorney of record.

"COLL.—If the court considers it within conscience and professional ethics to compel me to. go to trial under these circumstances, the court is supreme.

"JUDGE.—The court will rule at 2 o'clock."

At the afternoon session the plaintiff appeared by his attorney and opposed the continuance. The stenographer took down what the attorney said. It has been transcribed and covers pages 2 to 6 of the statement of the case.

Finally the court ruled on the motion as follows:

"JUDGE.—This morning an oral motion was made for a continuance in this case on the ground that one of the witnesses is ill, but without presenting an affidavit of that fact according to the provisions of the Code of Civil Procedure; therefore, the court overrules the motion.

"Another motion for a continuance was made for the reason that the attorney cannot attend the trial because his wife and one of his children are ill. Understanding that this reason or cause is not included in any of the provisions of the Code of Civil Procedure the court overrules the motion."

The illness of the wife and child of the defendant's attorney was not questioned. Everything shows that it was true and had occurred suddenly. After the court had rendered the decision, attorney Cruzado Silva said:

"If the court please, I want to enter in the name of my associate, Mr. Coll y Cuchí, his most formal protest against the trial of this case today when the defendant is deprived of any defense and means of defense for the reason that he is ill in bed and for the further reason that Mr. Coll y Cuchí, his attorney, is prevented from attending the trial because his wife is seriously ill in the Presbyterian Hospital in Santurce as a result of a delicate operation, and one of his children is dying. For these reasons, we respectfully protest against the trial of this action against Mr. Stubbe today."

The trial was proceeded with in the absence of the defendant and the evidence was examined which is included

in the 633 pages of the statement of the case. As we have said, the court gave judgment for the plaintiff.

Corpus Juris, with its usual precision and completeness, sums up the jurisprudence on the question, and from it we quote the following:

"The power to grant or to refuse continuances is inherent in all courts, and necessary for the promotion of justice and the prevention of delay. Also the power is sometimes expressly conferred by statute, but, at least in some jurisdictions, a statute relating to continuances is considered not as the source of the power, but only as prescribing certain requisites of the application thereof." 13 C. J. 123, sec. 2.

"It is a general rule that the granting or refusing of a motion for continuance is in the sound discretion of the trial court; and that an appellate court will not interfere with the exercise of this discretion unless the action of the trial court is plainly erroneous and is a clear abuse of its discretion. However, the discretion of the trial court in this respect is not an arbitrary, but a judicial, discretion, governed and controlled by legal rules, and to be exercised with a view to the manifest rights of the parties and the prevention of injustice and oppression, and in this sense it is subject to revision." 13 C. J. 123, 125, sec. 4.

We have carefully considered the question raised in the light of the facts and the jurisprudence applicable, and in our opinion the error committed by the court is manifest because of abuse of discretion and more so because of its refusal to exercise its discretional power to consider the second ground for the continuance.

When referring to the illness of the wife and child of the attorney for the defendant the court said that the reason was not included in the Code of Civil Procedure among the grounds on which a continuance may be granted, and refused to grant it. Admitting that it is not, nevertheless the court had inherent power to grant a continuance by judging whether or not the cause alleged was sufficient on its own merits.

That the illness of a member of the family of the attorney for one of the parties can and should be a ground for continuance is evident. See 13 C. J. 145. Certainly, the case must be an exceptional one. Generally attorneys are strong and determined men accustomed to moral strife. They are combatants who defend the causes or interests entrusted to them without consideration of personal or family matters, but there are intimate relations and supreme occasions which should not be ignored by the courts; therefore, when an attorney appears personally in court and, appealing to the conscience of the judge, tells the court that he must be near his wife, who has been operated on, and his dying child, and there is not the slightest shadow of doubt about the truth of this statement, the court should release the attorney from his engagement before the court, protecting, of course, the rights of the other party. The trial could have been postponed for a few days. If the other party had summoned witnesses and had incurred expenses as a result, the continuance could have been granted on the condition that these expenses should be paid by the party who made the motion, but the continuance should have been granted.

This being the opinion which we have formed of the case, it is not necessary to consider the other errors assigned. The judgment is reversed and the case will be remanded for a new trial.

*Reversed and remanded.*

Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.